## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RACHEL TOWNSLEY, Individually and
On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**                                  CIVIL NO. _____

**GOVERNMENT EMPLOYEES**                **JURY TRIAL DEMANDED**
**INSURANCE COMPANY INC.**
**d/b/a GEICO,**

**Defendant.**

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT & JURY DEMAND

1.      Plaintiff RACHEL TOWNSLEY ("Plaintiff"), on behalf of herself and all other similarly situated employees, brings this lawsuit against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. and applicable provisions of New Mexico law. Plaintiff alleges as follows:

### INTRODUCTION

2.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), individually and on behalf of all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA (hereinafter "putative Collective Members").

3.      Plaintiff also brings this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other persons similarly situated who suffered damages as a result of Defendant's continuing course of conduct in violation of the New Mexico Minimum Wage Act, N.M.S.A. 1978 §§ 50-4-1 *et seq.* (hereinafter "putative Class Members").

4.      Plaintiff is a former non-exempt, hourly employee who worked for GEICO as an Auto Claim and/or Damage Adjuster in New Mexico. In this role, Plaintiff investigated insurance claims to ascertain the extent of any liability on behalf of GEICO, who furnishes car insurance.

5.      Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendant who work or worked as Auto Claim and/or Damage Adjusters, including similar roles with different titles (collectively "Adjusters"), in New Mexico.

6.      As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and New Mexico law by failing to pay Plaintiff and putative Collective and Class Members for all hours worked based upon its unlawful policies and practices.

7.      Plaintiff and putative Collective and Class Members regularly perform off-the-clock work for which they are not adequately compensated. Specifically, Plaintiff and putative Collective and Class Members must complete a certain number of claims or inspections per day (their "required quota"), and pressure from GEICO to meet these quotas within allotted shift hours each day often causes Plaintiff and putative Collective and Class Members to work off-the-clock before their scheduled shifts begin, after their scheduled shifts end, and during unpaid meal breaks. Failure to meet the quotas within allotted shift hours results in negative implications for the performance metrics of Plaintiff and putative Collective and Class Members, including compensation ramifications and/or disciplinary action. Plaintiff and putative Collective and Class

Members are also required to work off-the-clock to attend meetings outside of their scheduled shifts and without pay.

8.    Because of these issues, Defendant does not pay Plaintiff and putative Collective and Class Members for all hours worked, including minimum wage and overtime wages due. The hours that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA and New Mexico law.

9.    Plaintiff seeks full compensation on behalf of herself and putative Collective and Class Members for all unpaid wages, including unpaid overtime. In addition to the amount of unpaid wages due, Plaintiff seeks statutory penalty wages (twice the full amount of wages due), declaratory relief, and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA and New Mexico Minimum Wage Act.

## PARTIES

10.    Plaintiff worked for Defendant as a non-exempt, hourly paid Adjuster in Albuquerque, New Mexico from July 2016 to August 2018.

11.    Plaintiff's duties as an Adjuster included inspecting vehicles for collision and comprehensive damages; customer service via the phone or in-person engagement; submitting claims on behalf of individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of GEICO for insurance payouts.

12.    Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff regularly worked more than 40 hours in a workweek but was not compensated for all overtime hours worked.

13.    Plaintiff resides in the State of New Mexico and is over eighteen years of age. Plaintiff has been a resident of the State of New Mexico at all relevant times described herein.

14.     Putative Collective Members are or have been employed by Defendant as Adjusters in New Mexico within the three years preceding the filing of this Complaint.

15.     Putative Class Members are or have been employed by Defendant as Adjusters in New Mexico since June 19, 2009.

16.     Defendant GEICO is a Maryland corporation. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc., and its headquarters are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815. Defendant does business throughout the United States, including in New Mexico.

17.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are non-exempt workers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce because it conducts business with customers across state lines.

18.     At all relevant times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

19.     At all relevant times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

20.     Plaintiff and putative Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

21.     At all relevant times, Defendant has done business under the laws of New Mexico, has places of business in the State of New Mexico, including in this judicial district, and has employed Putative Class Members in this judicial district. Defendant is an "employer" as that term is used under New Mexico law.

## SUBJECT MATTER JURISDICTION AND VENUE

22.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New Mexico law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

23.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in this State and within the geographic area encompassing this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant is subject to personal jurisdiction in this district.  At all times material hereto, Plaintiff and putative Collective and Class Members, however variously titled, were/are employed by and performed or perform job duties for the Defendant within this district and within the jurisdiction and venue of this Court.

## FACTS

24.    Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including New Mexico.

25.    Plaintiff and putative Collective and Class Members are current or former Adjusters in New Mexico. The duties of Adjusters, including Plaintiff, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to assess vehicle damage.

26.     As Adjusters, Plaintiff and putative Collective and Class Members are expected to meet GEICO's required quota of processing or working on at least ten claims or inspections per day and as many as thirty customer calls per day. Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendant have at all relevant times been similar for Plaintiff and the putative Collective and Class Members, regardless of location in New Mexico.

27.     While working for Defendant, Plaintiff and putative Collective and Class Members are scheduled to work approximately seven and a half hours per day, five days a week, for a total of approximately 37.5 hours per week. Plaintiff and putative Collective and Class Members work these scheduled hours. However, Plaintiff and putative Collective and Class Members are regularly required by GEICO management to work additional hours beyond this scheduled time while off-the-clock and without receiving compensation. Plaintiff and putative Collective and Class Members typically work eight and a half to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by GEICO, Plaintiff and putative Collective and Class Members worked off-the-clock and without compensation during overtime hours.

28.     GEICO disincentivizes and discourages Plaintiff and putative Collective and Class Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiff and putative Collective and Class Members' productivity metrics and evaluations. If an employee does not meet the required quota of claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

29.     In some instances, Plaintiff and putative Collective and Class Members begin the workday one hour prior to the start of their scheduled shifts to perform work activities which

include, among other tasks, handling claims and calling customers and repair shops. This time worked is unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiff and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

30.    Plaintiff and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged into Defendant's online system and are tracked in real time. Plaintiff and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

31.    Furthermore, Plaintiff and putative Collective and Class Members frequently work during unpaid meal periods. For example, they are generally allocated a 30 to 45-minute meal break to be taken at no specific time during a shift.  But, due to Defendant's required workload and quotas, Plaintiff and putative Collective and Class Members are often unable to take such breaks at all. Even when they do receive some form of meal break, Plaintiff and putative Collective and Class Members are often interrupted to perform work or answer customer calls, even though they are off-the-clock in Defendant's timekeeping records. As a result, Plaintiff and putative Collective and Class Members regularly work through unpaid time that is allocated for a meal break. Defendant knows or should know about such uncompensated work performed during unpaid meal breaks.

32.    On information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took an unpaid meal break in order to avoid paying additional wages and penalties.

33.     Defendant also requires Plaintiff and putative Collective and Class Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

34.     Plaintiff and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference meetings is also unpaid.

35.     In addition to claims and/or inspections quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls. As a result, Plaintiff and putative Collective and Class Members take customer calls before and after scheduled shifts and must bring their cell phones to their unpaid meal breaks as a means of keeping the call answer rate high.

36.     All of this time that Defendant requires Plaintiff and putative Collective and Class Members to work off the clock and without compensation deprives them of substantial amounts of pay to which they are entitled under federal and New Mexico law, including overtime premium pay for hours worked in excess of 40 per workweek.

37.     Defendant maintains time records for all its Adjusters throughout the United States, including in New Mexico. However, those time records fail to accurately reflect all of Plaintiff and putative Collective and Class Members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiff and putative Collective and Class Members to work off the clock, during meal breaks, and without compensation.

38.     Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class Members and throughout Defendant's operations in New Mexico. Defendant's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

39.    Upon information and belief, Defendant has not inquired into whether it paid Plaintiff and putative Collective and Class Members for all time worked.

40.    Upon information and belief, Defendant has maintained this pattern of illegal reporting and failure to pay for all hours worked as part of its company-wide practice, on a continuing basis, for well over three years preceding the filing of this lawsuit. As a result, Plaintiff and putative Class Members are entitled to relief for all violations that occurred as part of Defendant's continuing course of conduct regardless of the date on which they occurred, pursuant to N.M.S.A. 1978 § 50-4-32.

41.    Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective and Class Members in an amount to be determined at trial.  Defendant did not take requisite steps to ensure that Plaintiff and putative Collective and Class Members were paid for all time worked.  Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiff and putative Collective and Class Members did not perform work without compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiff brings this case as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of a proposed collection of similarly situated employees defined as:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including similar roles with different titles) throughout New Mexico during the time period from three years prior to the filing of the complaint until the date of judgment in this action (referred to herein as the "putative Collective Members" or "members of the Collective").

43.    Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

44.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

45.    Plaintiff and putative Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock," including during meal breaks, without compensation in violation of the FLSA.

46.    The specific job titles or precise job responsibilities of each putative Collective member does not prevent collective treatment.

47.    Putative Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for "off-the-clock" work, including work performed during interrupted, on-duty, or missed meal breaks.

48.    Although Defendant permitted and/or required putative Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for such hours worked.

49.     All of the work that Plaintiff and putative Collective Members performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and putative Collective Members performed.

50.     Putative Collective members are not exempt from receiving overtime compensation under the FLSA.

51.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of putative Collective members.

52.     The hours that Defendant requires Plaintiff and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

53.     Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiff and putative Collective Members for all hours worked, including overtime compensation for hours worked in excess of 40 per week.

54.     Although the exact amount of damages may vary among putative Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

55.     Defendant's failure to pay Plaintiff and putative Collective Members for all hours worked, including overtime wages, was willful.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

56.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct

by Defendant that caused harm to all putative Collective members. Defendant had a plan, policy or practice of not paying Plaintiff and putative Collective members for interrupted, interruptible, or missed meal breaks, as well as work performed "off-the-clock."

## RULE 23 CLASS ACTION ALLEGATIONS

57.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including similar roles with different titles) throughout New Mexico during the time period beginning June 19, 2009 until the date of judgment of this action (referred to herein as the "putative Class Members" or "members of the putative Class").

58.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

59.     <u>Numerosity</u>:  Defendant has employed potentially hundreds of Adjusters during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit, making joinder impracticable. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice putative Class Members and Defendant. The identities of the putative Class Members will be determined from Defendant's records, as will the compensation paid to each of them.

60.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

-12-

      i.  Whether Defendant failed to pay Plaintiff and putative Class Members for all hours worked;

     ii.  Whether Defendant failed to pay Plaintiff and putative Class Members at an overtime rate for all hours worked in excess of forty in a workweek;

   iii.  Whether Plaintiff and putative Class Members are entitled to civil and statutory penalty wages;

   iv.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and putative Class Members as alleged herein; and

61.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the putative Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

62.   <u>Adequacy of Representation</u>:  Plaintiff does not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

63.   <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.

Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

64.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

65.     If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each Class Member with Defendant's vastly superior financial legal resources.

66.     Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CAUSE OF ACTION
### Violations of Fair Labor Standards Act (29 U.S.C. § 207)
### Failure to Pay Overtime Wages
### (Brought on behalf of Plaintiff and the putative Collective Members)

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

69.     Plaintiff and putative Collective Members, as Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

70.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

73.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

74.     Throughout the relevant time period, Defendant expected and required Plaintiff and putative Collective Members to be available to work and/or to be on duty during their unpaid meal breaks.

75.     Plaintiff also routinely performed work-related tasks before and after scheduled shifts. Upon information and belief, Defendant treated putative Collective Members similarly with respect to "off-the-clock" work.

76.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff and putative Collective members performed work for which they were not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff and putative Collective members.

77.     Defendant violated and continues to violate the FLSA by failing to pay Plaintiff and putative Collective Members for "off-the-clock" work under 29 U.S.C. § 207. Because of

these violations, Plaintiff and putative Collective Members suffered wage losses during weeks where the total time worked exceeded forty hours.

78.     Plaintiff and putative Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

79.     Defendant's failure to pay overtime to Plaintiff and putative Collective Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and putative Collective Members' claims.

80.     Because of Defendant's willful violation, Plaintiff and putative Collective Members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

81.     Plaintiff and putative Collective Members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

82.     Wherefore, Plaintiff and putative Collective Members request relief as hereinafter provided.


**SECOND CAUSE OF ACTION**
**Violations of New Mexico Minimum Wage Act, N.M.S.A. 1978 §§ 50-4-1 *et seq*.**
**Failure to Pay Minimum and Overtime Wages**
**(Brought on behalf of Plaintiff and the putative Class Members)**

83.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

84.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the New Mexico Minimum Wage Act, N.M.S.A. 1978 §§ 50-4-1 *et seq*.

-16-

("NMMWA"). At all relevant times, Defendant has employed and continues to employ "employees," including Plaintiff and putative Class Members, within the meaning of the NMMWA.

85.     Pursuant to NMMWA, Defendant is required to pay Plaintiff and putative Class Members for all hours worked at no less than the established minimum wage and one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek. N.M.S.A. 1978 § 50-4-22.

86.     Defendant willfully and knowingly enacted a policy and practice that deprived Plaintiff and putative Class Members compensation for all hours worked, including work performed "off-the-clock" as described herein, and overtime compensation for hours worked in excess of forty in a workweek.

87.     As a result of the foregoing conduct, Defendant has failed to pay wages due under the NMMWA, thereby violating the NMMWA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

88.     Moreover, Defendant has violated the NMMWA on a continuing basis for well over three years preceding the filing of this lawsuit. As a result, Plaintiff and putative Class Members are entitled to relief for all violations that occurred as part of Defendant's continuing course of conduct regardless of the date on which they occurred, pursuant to N.M.S.A. 1978 § 50-4-32.

89.     Plaintiff and putative Class Members have been damaged in an amount to be determined at trial. Plaintiff, on behalf of herself and the putative Class Members, hereby demands payment as contemplated by the NMMWA in an amount sufficient to reimburse Plaintiff and putative Class Members for all unpaid wages.

90.     Based on Defendant's violations of the NMMWA as alleged herein, Plaintiff and putative Class Members are entitled to recover damages "in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages." N.M.S.A. 1978 § 50-4-26.

91.     Plaintiff and putative Class Members further seek declaratory relief stating Defendant has violated and is in violation of NMMWA for failing to compensate Plaintiff and putative Class Members for all hours worked, including overtime, performed for the benefit of Defendant.

92.     Plaintiff and putative Class Members further seek appropriate injunctive relief authorized by the NMMWA, N.M.S.A. 1978 § 50-4-26.

93.     Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

## **RELIEF SOUGHT**

94.     Plaintiff seeks full compensation on behalf of herself and putative Collective and Class Members for all unpaid wages, including unpaid overtime.

95.     Plaintiff and putative Collective Members are also entitled to liquidated damages under the FLSA in an amount equal to all of their unpaid wages due. 29 U.S.C. § 216(b).

96.     Plaintiff and putative Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

97.     Plaintiff and putative Collective Members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

98.     Plaintiff and putative Class Members are entitled to recover back wages for all hours worked, including work performed off-the-clock, and overtime compensation for all hours worked in excess of 40 hours in a workweek.

99.     Plaintiff and Class Members are entitled to recover triple the amount of their wages due under NMMWA, N.M.S.A. 1978 § 50-4-26.

100.    Plaintiff and putative Class Members are entitled to relief for all violations that occurred as part of Defendant's continuing course of conduct regardless of the date on which they occurred, pursuant to N.M.S.A. 1978 § 50-4-32. *Felps v. Mewbourne Oil Co.*, 336 F.R.D. 664, 681 (D.N.M. 2020).

101.    Plaintiff and putative Class Members are entitled to recover costs and a reasonable sum for attorney fees, pursuant to the NMMWA.

102.    Plaintiff and putative Class Members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful as well as injunctive relief "including requiring [Defendant] to post in the place of business a notice describing violations by the employer as found by the court or a copy of a cease and desist order applicable to the employer." N.M.S.A. 1978 § 50-4-26.

## PRAYER

103.    For these reasons, Plaintiff and putative Collective and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   i.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all putative Collective Members. Such notice should inform them that this civil

action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

ii.   An order preventing Defendant from retaliating in any way against Plaintiff and any Collective or Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

iii.  An order finding that Defendant violated the FLSA;

iv.  An order finding that Defendant violated the FLSA willfully;

v.   All unpaid wages due under the FLSA;

vi.  An equal amount as liquidated damages as allowed under the FLSA;

vii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix.  An order finding that Defendant violated New Mexico law;

x.   Any statutory penalty wages due under New Mexico law;

xi.  All attorneys' fees, costs and disbursements as provided by New Mexico law to the extent same does not duplicate fees due under the FLSA;

xii. For an order awarding Plaintiff and putative Collective and Class Members pre- and post-judgment interest at the highest rates allowed by law;

xiii.  Such other and further relief to which Plaintiff and putative Collective and Class Members may be entitled at law or in equity.

Dated: August 12, 2021                    Respectfully submitted,

Carolyn H. Cottrell
ccottrell@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

David C. Leimbach*
dleimbach@schneiderwallace.com
Brett D. Watson*
bwatson@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

Gregg I. Shavitz*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile:     (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.

830 3rd Avenue, 5th Floor
New York, New York 10022
Tel: (800) 616-4000
Facsimile:      (561) 447-8831
mpalitz@shavitzlaw.com

Paige T. Bennett*
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
paige.bennett@dtlawyers.com

*Application for admission forthcoming

*Attorneys for Plaintiff, Class, and Collective
Members*